24 C.C.P.A.(Patents)

**FALLS v. SCHOLL MFG. CO., Inc.**

**Patent Appeal No. 3803.**

Court of Customs and Patent Appeals.

June 21, 1937.

Clarence A. O'Brien, of Washington, D. C. (Charles E. A. Smith, Thomas E. Turpin, George C. Baldt, and Joseph A. O'-Connell, all of Washington, D. C., of counsel), for appellant.

Stephen J. Cox, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal in a trade-mark opposition proceeding from the decision of the Commissioner of Patents affirming the decision of the Examiner of Trade-mark Interferences holding that appellant was not entitled to the registration of the trade-mark "No-Vex" for use on an ointment for treating "athlete's foot, ringworm, dandruff and scalp and skin disorders."

In his application for registration, filed April 17, 1934, appellant alleged that he had used his trade-mark "No-Vex" since October 15, 1930.

In its notice of opposition appellee alleged that it was the owner of the trade-mark "Solvex" for use on a preparation— an ointment—for the treatment of "Gym or Athlete's Foot, Golfer's Itch, Epidermophytosis (Ringworm), Eczema of the Feet and itching toes and feet, and for other skin disorders of the feet"; that it had used its trade-mark on its goods "during the interval between 1924 and October 15, 1930, and particularly since March 1, 1930"; that it had advertised and sold its goods under its trade-mark "Solvex" throughout the United States; and that its trade-mark and its goods have become well and favorably known to the consuming public. Appellee further alleged that it was the owner of trade-mark registration No. 192,076, registered November 25, 1924, on an application filed June 27, 1924, for the trade-mark "Solvex" for use on ointments and other pharmaceutical preparations for the treatment of corns; that appellant's trade-mark "No-Vex" is so similar to appellee's trade-mark "Solvex" that confusion in trade would be likely to result by the concurrent use by the parties of their respective trade-marks; and that appellee would, therefore, be damaged by the registration of appellant's mark.

In his answer to the notice of opposition, appellant denied that appellee would be damaged by the registration of appellant's mark, and, with reference to appellee's alleged ownership of trade-mark registration No. 192,076 of the trade-mark "Solvex," stated: "Answering paragraph 3 of the amended grounds for opposition, respondent denies the right of opposer raised by presumption through the registration of the trade-mark pleaded in said paragraph, or others, and requires strict proof of the adoption, continuity of use and ownership of the trade-mark covered by said registration in opposer."

The Examiner of Trade-mark Interferences reviewed the record in the case,

and concluded that appellant had failed to establish that he had used his trade-mark on his goods prior to September, 1931, and that appellee had established use of its mark on its goods as early as March or April, 1930.

Relative to the issue of confusing similarity of the marks here involved, the Examiner said:

"As to whether opposer's mark is in fact 'Solvex' or 'Dr. Scholl's Solvex' opposer's record is deemed to show that in connection with the products actually sold by the opposer to [the] name 'Dr. Scholl's' is always associated with the notation 'Solvex.' However, a mere inspection of opposer's cartons, as for example Exhibit 16, seems to show that 'Solvex' is the dominating feature of the mark. This conclusion is based upon the fact that 'Solvex' is displayed in somewhat larger type. than the name 'Dr. Scholl's' and also upon the fact that 'Solvex' is featured against a contrasting background partially enclosed by a heavy line. Added to these facts discernible from a mere inspection of opposer's cartons is the testimony of opposer's witnesses. This shows that opposer's product is known and not uncommonly ordered as 'Solvex' without reference to the name 'Dr. Scholl's.' * * *

"The differences and also the resemblances between 'No-Vex' and 'Solvex' as used by the. parties in connection with their respective ointments are obvious from mere inspection. It is believed that either 'No-Vex' or 'Solvex' to the average purchaser would be merely a coined word. Coined marks are often difficult to remember. In view of the resemblances found to exist between the marks the examiner is pursuaded that there is at least reasonable doubt upon the question of likelihood of confusion in trade. The practice requires that such doubt be resolved in favor of the prior user."

And, accordingly, held that appellant was not entitled to the registration of his trade-mark.

In his decision, the Commissioner of Patents held that appellee failed to establish that it was the owner of trade-mark registration No. 192,076 for the word "Solvex," as alleged in its notice of opposition; that its trade-mark appeared to be the word "Solvex" in immediate association with the name "Dr. Scholl's"; that he was inclined to believe that appellee's trade-mark consisted of the words "Dr. Scholl's Solvex"; and that appellee had established use of its trade-mark on its goods as early as May, 1930. The Commissioner further held that appellant's mark "No-Vex" and the word "Solvex" in appellee's mark were "printed in letters of about the same size, and of somewhat similar style"; that the word "Solvex," in appellee's mark, was printed in somewhat larger type than the name "Dr. Scholl's"; that, when spoken, the name "Dr. Scholl's" would clearly distinguish appellee's product from that of appellant; that it was not only likely, but that it appeared from the evidence of record, that some purchasers would ask for "Solvex" without using the name "Dr. Scholl's"; that the terms "Solvex" and "No-Vex" were so nearly alike both in sound and in appearance that the addition of the name "Dr. Scholl's" to appellee's mark was not sufficient to overcome the probability of confusion, which would clearly be present if the trade-marks of the parties were "Solvex" on the one hand, and "No-Vex" on the other; that appellant had not established use of his trade-mark on his goods prior to the fall of 1931, and, accordingly, affirmed the decision of the Examiner of Trade-mark Interferences holding that appellant was not entitled to register his mark.

The Commissioner further stated in an ex parte disposition of the case that, although appellee had not established that it was the owner of registration No. 192,-076, such registration was a complete bar to the registration of appellant's mark.

In explanation of his ex parte decision, the Commissioner stated that the registered trade-mark "Solvex" and appellant's trade-mark "No-Vex" were printed in identical type; that they were used on goods of the same descriptive properties; and that the trade-mark "No-Vex" was confusingly similar with the trade-mark "Solvex."

Thereupon, after affirming the decision of the Examiner of Trade-mark Interferences on the issues presented by the notice of opposition, the Commissioner held that, "regardless of the rights of the opposer, it is further adjudged that applicant [appellant] is not entitled to the registration applied for."

We think it clearly appears from the evidence of record that appellee's trade-mark consists of the name "Dr. Scholl's" and the coined word "Solvex," with the

name "Dr. Scholl's" appearing immediately above the word "Solvex."

The Examiner of Trade-mark Interferences stated that the word "Solvex" is "featured against a contrasting background partially enclosed by a heavy line."

That the word "Solvex" is so featured cannot be questioned. It appears on a blue background of oval-shape design, which is partially surrounded by a black line. The name "Dr. Scholl's" is immediately above the word "Solvex" in somewhat smaller type, and it, together with the other printed matter on the labels, appears on a yellow background.

It appears from the testimony of some of appellant's witnesses, who are druggists, that a request for "Solvex" would indicate to them and to their employees that the purchaser wanted the product of appellee, and that appellee's product is called "Solvex" by purchasers. One of appellant's witnesses, a wholesale druggist, stated that the term "Solvex" indicated origin of the goods in the Scholl Manufacturing Company, Inc.—appellee.

It appears from Exhibits 26 and 27 that appellee's product was ordered by at least two concerns by the term "Solvex," although one of them spelled it "Salvex," and was invoiced and sold to them under that term. Whether it is always sold by appellee under that term, or how frequently it is so sold, does not appear of record.

The goods of the parties possess the same descriptive properties, and, so far as the evidence of record is concerned, are identical in character. They are sold in the same stores, and to the same class of people.

In view of the evidence or record and the prominence given the term "Solvex" on appellee's labels, we are of opinion that the term "Solvex" is the predominant feature of appellee's trade-mark.

■ We are in agreement with the tribunals of the Patent Office that the terms "Solvex" and "No-Vex," when used on the goods of the respective parties, are confusingly similar, and that, as the term "Solvex" is the predominant feature of appellee's mark, there would be likelihood of confusion in the trade if the marks of the parties were used concurrently on their goods.

It clearly appears from the record that appellee used its mark on its goods in interstate commerce as early as March or April, 1930. The record fails to establish, however, as held by the Patent Office tribunals, that appellant used his trade-mark on his goods prior to September, 1931. We conclude, therefore, that the tribunals of the Patent Office were not in error in sustaining appellee's opposition to the registration of appellant's trade-mark.

As the terms "Solvex" and "No-Vex," when used on goods of the same descriptive properties, would be likely to cause confusion in the mind of the purchasing public, we are in entire agreement with the Commissioner's holding ex parte that, in view of the registration hereinbefore referred to of the trade-mark "Solvex," appellant is not entitled to the registration of his trade-mark.

■ This court has repeatedly held that, in opposition proceedings, registrations of trade-marks by others, not parties to the proceedings, will not be considered. See Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C.C.P.A. (Patents) 842; American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696; 17 C.C.P.A. (Patents) 906; California Packing Corporation v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A. (Patents) 1048; Standard Oil Co. (New Jersey) v. Clarence W. Epley, 40 F.(2d) 997, 17 C.C.P.A. (Patents) 1224.

■ It is well settled that, in opposition proceedings, the tribunals of the Patent Office are not confined to the issues raised by the parties, but may dispose of any question relating to the proposed registration that might properly be considered in an ex parte case. See Quaker State Oil Refining Co. v. Wolverine-Empire Refining Co., 81 F.(2d) 245, 23 C.C.P.A. (Patents) 827, and cases therein cited.

For the reasons stated, the decision of the Commissioner of Patents is affirmed.

Affirmed.

GARRETT, Associate Judge, concurs in the conclusion solely upon the ex parte ground.

LENROOT, Associate Judge, did not participate in the decision of this case.